Mr. John J. Gillett Wilson County Attorney Office 201 Courthouse 600 Madison P.O. Box 556 Fredonia, Kansas 66736
Dear Mr. Gillett:
As attorney for Wilson County, you request our opinion regarding whether a unified school district may extend by one year the capital outlay levy when the county clerk failed to collect the tax from the levy for one year.
The electors of Unified School District No. 484 approved a resolution of the board of education authorizing a capital outlay levy of four mills for a period of five years. The first four years of the tax upon the taxable tangible property were levied as permitted. However, because of an error occurring in the county clerk's office, the final year of the tax was not levied.
K.S.A. 72-8801 provides in part:
 "(a) The board of education of any school district may make an annual tax levy at a mill rate not to exceed the statutorily prescribed mill rate for a period of not to exceed five years upon the taxable tangible property in the school district for the purposes specified in this act and for the purpose of paying a portion of the principal and interest on bonds issued by cities under the authority of K.S.A. 12-1774, and amendments thereto, for the financing of redevelopment projects upon property located within the school district." (Emphasis added.)
The interpretation of a statute is a matter of law and it is the function of the court to interpret the statute to give it the effect intended by the legislature. Todd v. Kelly, 251 Kan. 512, 515 (1992). When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Martindale v. Tenny, 250 Kan. 621, 629
(1992). In construing statutes, the legislative intent is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious and sensible. Todd, 251 Kan. at 516.
It is provided in K.S.A. 72-8807:
 "If any school district is unconditionally authorized to make a capital outlay levy, but the board of education of such school district chooses, in any year, not to make such tax levy, or chooses to make a smaller tax levy for such purpose, such board of education may do so. If the board of education of any school district refrains from making a levy in any one or more years or refrains from making the full levy which it is authorized to make under K.S.A. 72-8801, and amendments thereto, and the resolution adopted thereunder, the authority of such school district to make a capital outlay tax levy shall not thereby be extended beyond the original period specified in the resolution adopted under K.S.A. 72-8801, and amendments thereto, nor shall the mill rate of the tax authorized in any succeeding year be increased thereby."
It is further provided in K.S.A. 72-8809:
 "The board of education of any school district which has made a tax levy under K.S.A. 72-8801 may at any time after the final levy is certified to the county clerk under any current authorization, initiate procedures to renew its authority to make a like annual tax levy in the amount and upon the conditions and in the manner specified in K.S.A. 72-8801, and at five-year intervals thereafter may in like manner and on like conditions renew such levy for successive five-year periods." (Emphasis added.)
Pursuant to K.S.A. 72-8204a, the annual budget amounts of ad valorem tax to be levied are to be certified to the county clerk of the home county of the school district. It is clear from the provisions of K.S.A. 72-8801 et seq that a school district may certify to the county clerk a capital outlay levy each year for that period of time authorized by resolution of the school district. The period of time may not exceed five years. School districts and other subdivisions of the state have only such powers as are conferred upon them by statute, specifically or by clear implication, and any reasonable doubt as to the existence of such power should be resolved against it. Hobart v. U.S.D. No. 309,230 Kan. 375, 383 (1981). A unified school district does not possess the authority to certify to the county clerk a capital outlay levy for any year beyond the number of years authorized by the resolution of the school district adopted pursuant to K.S.A. 72-8801.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS: